**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLUELINK MARKETING, LLC and GERALD OWENS<br><br>    Plaintiffs,<br><br>    v.<br><br>DECLAN CARNEY and TAGCADE LLC a/k/a PUBVANTAGE,<br><br>    Defendants. | Case No. 1:16-cv-7151-JLC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

I. DEFENDANTS ARE ENTITLED TO THEIR ATTORNEYS' FEES ...................................1

Procedural History ......................................................................................................................2

II. DEFENDANTS' REQUESTED ATTORNEYS' FEES ARE REASONABLE .....................2

Defendants' Requested Hourly Rates are Reasonable................................................................3

Defendants' Requested Number of Attorney Hours are Reasonable..........................................4

Defendants' Time Spent on the Fee Motion is Compensable .....................................................5

CONCLUSION..............................................................................................................................6

# TABLE OF AUTHORITIES

*American Cas. Co. of Reading, Pa. v. Morgan–White Underwriters, Inc.,* 02-cv-931, 2003 WL 23374768 (S.D.N.Y. Sept. 30, 2003) ................................................................................................ 4

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany and Albany County Board of Elections,* 522 F.3d 182 (2nd Cir. 2008) ............................................................ 2-3

*A.V.E.L.A., Inc. v. Estate of Monroe,* 12-cv-4828, 2014 WL 3610902 (S.D.N.Y. Jul. 18, 2014) . 4

*Blum v. Stenson,* 465 U.S. 886 (1984) ........................................................................................... 3

*Crescent Publishing Group, Inc. v. Playboy Enterprises*, 246 F.3d 142 (2nd Cir. 2001) ............. 3

*Demonchaux v. Unitedhealthcare Oxford*, 10-cv-4491, 2014 WL 1273772 (S.D.N.Y. Mar. 27, 2014) .............................................................................................................................................. 4

*Diaz v. Paragon Motors of Woodside, Inc.*, No. CV-03-6466, 2008 WL 2004001 (E.D.N.Y. May 7, 2008) .......................................................................................................................................... 5

*Farbotko v. Clinton Cty.*, 433 F.3d 204 (2nd Cir. 2005) ................................................................ 4

*Gagne v. Maher*, 594 F.2d 336 (2nd Cir. 1979) ............................................................................ 5

*Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103 (2nd Cir. 1988) ...................... 3

*Gierlinger v. Gleason*, 160 F.3d 858, 882 (2nd Cir. 1998) ............................................................ 4

*Glass v. Pfeffer*, 849 F.2d 1261 (10th Cir. 1988) .......................................................................... 5

*Green v. City of New York,* 403 Fed. Appx. 626 (2nd Cir. 2010) .................................................. 3

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................................... 2

*Joel v. Village of Kiryas Joel*, No. 95-cv-8378, 1997 WL 543091 (S.D.N.Y. Sept. 4, 1997) ....... 6

*Merck Eprova AG v. Gnosis S.P.A.,* 07-cv-5898, 2011 WL 1142929 (S.D.N.Y. Mar. 17, 2011). 4

*Millea v. Metro-North R. Co.*, 658 F.3d 154 (2nd Cir. 2011) ........................................................ 2

*Missouri v. Jenkins,* 491 U.S. 274 (1989) ...................................................................................... 4

*Parrish v. Sollecito*, 280 F. Supp. 2d 145 (S.D.N.Y. 2003) .......................................................... 3

*Scott v. City of New York*, 626 F.3d 130 (2nd Cir. 2010) .............................................................. 4

*Union Cent. Life Ins. Co.v. Berger*, 10-cv-8408, 2013 WL 6571079 (S.D.N.Y. Dec. 13, 2013). 4

Defendants respectfully submit this memorandum of law in support of their Motion for Attorneys' Fees, including contemporaneous billing records pursuant to the Court's Order dated September 15, 2017 (D.I. 53).[1]

**PRELIMINARY STATEMENT**

The parties engaged in a settlement conference before your Honor, Judge Cott, on March 20, 2017, where they reached agreement on all material terms and agreed to be bound thereby. One of the terms agreed to at the Settlement Conference stated that "If a motion to enforce is brought concerning that [settlement] agreement, whichever party brings that motion and prevails will be entitled to its reasonable attorneys' fees in bringing that motion." D.I. 29 at 5. Defendants filed such a motion to enforce, which was granted by the Court on September 15, 2017. D.I. 53. In its Order, the Court found that "the parties' oral agreement recited on the record at the March settlement conference satisfied all of the necessary elements of contract formation" and that "the parties intended their oral settlement at the conference to be binding…." D.I. 53 at 19. The Court also directed Defendants to "submit their fees motion with contemporaneous billing records." D.I. 53 at 21.

**I. DEFENDANTS ARE ENTITLED TO THEIR ATTORNEYS' FEES**

The parties agreed that "whichever party brings [a motion to enforce the settlement agreement] and prevails will be entitled to its reasonable attorneys' fees in bringing that motion." D.I. 29 at 5. The Court found this agreement to be enforceable and binding. D.I. 53 at 19. Moreover, the Court noted that "there has been no repudiation of the express terms of the agreement to date." D.I. 53 at 20. Defendants successfully moved to enforce the settlement

---

[1] The Court's Order also stated that "On [September 25, 2017], Defendants shall also submit a proposed settlement judgment detailing the terms set forth at the March conference." D.I. 53. As discussed with the Honorable Judge Cott's clerk, Defendants will submit this document today via email to the Orders & Judgments clerk (judgments@nysd.uscourts.gov), copying counsel for Plaintiffs as well as Judge Cott's Chambers.

1

agreement and thus are entitled to their reasonable attorneys' fees in bringing that motion.

*Procedural History*

The parties had 60 days from the March 20, 2017 Settlement Conference to reduce their oral agreement to a written agreement. D.I. 29 at 4-5. The deadline passed on May 19, 2017 and Defendants initially made their motion to enforce the settlement agreement on May 22, 2017. D.I. 31-33. Thereafter, the Court, by Hon. Judge Analisa Torres, requested that the parties brief the jurisdictional issue. D.I. 41. Defendants filed a revised motion addressing the jurisdictional issue on June 6, 2017. D.I. 43-45. Plaintiffs opposed, and Defendants filed their reply motion on June 27, 2017. D.I. 50. Throughout this process, Plaintiffs made multiple filings that Defendants believed were improper procedurally, and which prompted Orders by the Court (D.I. 38, 41) and which required Defendants to file additional letters with the Court. D.I. 37, 40, 52.

## II. DEFENDANTS' REQUESTED ATTORNEYS' FEES ARE REASONABLE

The Court may exercise its discretion in determining the amount of a reasonable fee award. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2nd Cir. 2011). Courts typically determine the reasonable fee amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.; see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Second Circuit has held that a court should determine the "presumptively reasonable fee" by looking at what a reasonable client would be willing to pay, bearing in mind case-specific variables. *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany and Albany County Board of Elections,* 522 F.3d 182 (2nd Cir. 2008). The fee applicant bears the burden of proving the reasonability of its requested fees. *Hensley*, 461 U.S. at 437. Defendants submit that the presumptively reasonable fee amount for this matter is the same as Defendants' requested amount because of the reasonability of the hourly rates and number of hours requested.

### *Defendants' Requested Hourly Rates are Reasonable*

A reasonable hourly rate is the market rate a paying client would be willing to pay. *See Arbor Hill,* 522 F.3d at 184. This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984); *see also Green v. City of New York,* 403 Fed. Appx. 626, 629 (2nd Cir. 2010).

Based on their areas and length of experience, Defendants' requested hourly rates for their attorneys are reasonable. *See* Declaration of Rania V. Sedhom ("Sedhom Decl."). Defendants seek an hourly rate of $600 for Rania V. Sedhom. Ms. Sedhom is Managing partner of Sedhom Law Group and has practiced law for twenty (20) years. Since admitted into practice, she has appeared before this Court, the Eastern District of New York, and the District of New Jersey on complex litigation matters, including ERISA. Defendants seek an hourly rate of $375 for Ginger Mimier. Ms. Mimier is Senior Associate at Sedhom Law Group, and has fourteen (14) years' experience with a focus on complex civil litigation.

The requested rates are the rates normally charged by Defendants' counsel, which is a significant factor in determining reasonability. *See Crescent Publishing Group, Inc. v. Playboy Enterprises*, 246 F.3d 142, 151 (2nd Cir. 2001) ("The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded."); *see also Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 114 (2nd Cir. 1988), *cert. denied*, 490 U.S. 1006 (1989) (affirming award of fees "based on counsel's usual billing rates"); *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003) ("[a] reasonable starting point for determining the hourly rate for purposes of a [presumptively reasonable fee] calculation is the attorney's customary rate.")

Courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill,* 522 F.3d at 192–93 (internal quotation omitted); *see also Farbotko v. Clinton Cty.*, 433 F.3d 204, 208 (2nd Cir. 2005) (a reasonable hourly rate is the prevailing market rate). In the Southern District of New York, Manhattan rates are applicable. *See, e.g., American Cas. Co. of Reading, Pa. v. Morgan-White Underwriters, Inc.,* 02-cv-931, 2003 WL 23374768 *10 (S.D.N.Y. Sept. 30, 2003). Upon information and belief, Defendants' requested hourly rates are comparable to the rates of other attorneys in New York City.

The requested hourly rates are also in line with rates found to be reasonable in other fee award cases in this district. *See, e.g., A.V.E.L.A., Inc. v. Estate of Monroe,* 12-cv-4828, 2014 WL 3610902 *2 (S.D.N.Y. July 18, 2014) (awarding $600 to experienced partner and $400 to associate); *Demonchaux v. Unitedhealthcare Oxford*, 10-cv-4491, 2014 WL 1273772 *7 (S.D.N.Y. Mar. 27, 2014) (concluding hourly rates of $600 for partners and $500 for senior associates were reasonable); *Union Cent. Life Ins. Co. v. Berger*, 10-cv-8408, 2013 WL 6571079 *4-5 (S.D.N.Y. Dec. 13, 2013) (concluding hourly rates of $580-595 for partner and $235 for senior associates were reasonable); *Merck Eprova AG v. Gnosis S.P.A.,* 07-cv-5898, 2011 WL 1142929 *9-10 (S.D.N.Y. Mar. 17, 2011) (awarding reasonable hourly rates of $600 to partners and $300 to associates). Defendants note that these cases are all at least three years old, thus enforcing the reasonability of Defendants' current requested rates. *See Gierlinger v. Gleason*, 160 F.3d 858, 882 (2nd Cir. 1998) (a court should use current rather than historical hourly rates) (citing *Missouri v. Jenkins,* 491 U.S. 274, 283-84 (1989)).

### *Defendants' Requested Number of Attorney Hours are Reasonable*

Fee applications should be accompanied by billing records. *See Scott v. City of New*

*York*, 626 F.3d 130, 133 (2nd Cir. 2010). Defendants have submitted herewith detailed contemporaneous billing records. *See* Sedhom Decl. Exs. 1-2.

The Court need not deduct any hours from Defendants request. Not including time spent on the instant motion, Defendants' counsel spent only 40.5 hours on the Motion to Enforce Settlement Agreement, in which they researched and drafted three briefs and three letters to the Court. Sedhom Decl. ¶¶ 5-6. Defendants clearly did not over-staff their team, as the work was shared by two attorneys, Ms. Sedhom and Ms. Mimier. Moreover, Ms. Sedhom and Ms. Mimier did not duplicate work. To the extent that Plaintiffs argue that Defendants' hours are inflated or unreasonable[2], such additional work was necessitated by Orders from the Court or the actions of Plaintiffs themselves.

### *Defendants' Time Spent on the Fee Motion is Compensable*

Awards of fees for time spent preparing a motion for attorneys' fees is permitted under Second Circuit case law. *See, e.g., Gagne v. Maher*, 594 F.2d 336, 344 (2nd Cir. 1979) ("time reasonably spent by … attorneys in establishing their fee would be compensable." Such an award is especially justified here where Defendants were forced to move for enforcement of the settlement agreement because of Plaintiffs' actions. Indeed, the fees provision in the parties' settlement was intended to prevent the parties from reneging on their agreement. *See, e.g., Diaz v. Paragon Motors of Woodside, Inc.*, No. CV-03-6466, 2008 WL 2004001 *6-7, (E.D.N.Y. May 7, 2008) (quoting *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional

---

[2] To the extent that Plaintiffs dispute the reasonability of the number of hours or billing rates of Defendants' counsel, we respectfully request that Plaintiffs' counsel submit their bills to the Court for inspection. Notably, during settlement negotiations when Plaintiffs requested that Defendants pay Plaintiffs' legal fees, said fees were substantially higher than those incurred by Defendants to date.

5

work necessary"). This District has also awarded fees in connection with the enforcement of settlements. *See, e.g., Joel v. Village of Kiryas Joel*, No. 95-cv-8378, 1997 WL 543091 *2 (S.D.N.Y. Sept. 4, 1997) (allowing attorneys' fees for contempt motion to enforce settlement agreement). Defendants' counsel spent 8 hours researching, drafting and editing the instant Memorandum of Law and Declaration, resulting in fees of $3471.00. Sedhom Decl. ¶ 7.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request their attorneys' fees associated with bringing their Motion to Enforce Settlement Agreement, as agreed by the parties during the March 20, 2017 settlement conference, in the amount of $20,845.50 ($17,374.50 plus $3471.00 for the instant motion) and that the Court direct Plaintiffs to pay same within thirty (30) days of entry of judgment, if approved.

Dated: September 25, 2017    Respectfully submitted,

By: */s/ Rania V. Sedhom*
Rania V. Sedhom
Sedhom Law Group, PLLC
750 Third Avenue, 9th Floor
New York, NY 10017
212-549-1819 (tel.)
212-563-9280 (fax)
*Attorneys for Defendants Declan Carney and Tagcade LLC a/k/a Pubvantage*

## CERTIFICATE OF SERVICE

I, Rania V. Sedhom, hereby certify that on September 25, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record for Plaintiffs.

*/s/ Rania V. Sedhom*
Rania V. Sedhom