USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/20 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BLUELINK MARKETING LLC and
GERALD OWENS,

           Plaintiffs,

      -v.-

DECLAN CARNEY and TAGCADE LLC
a/k/a PUBVANTAGE,

           Defendants.
------------------------------------------------------------X

**OPINION & ORDER**

16-CV-7151 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiffs Bluelink Marketing LLC and Gerald Owens (together, "Plaintiffs") brought this action against defendants Declan Carney and Tagcade LLC (together, "Defendants") for breach of contract, fraudulent conveyance, and breach of fiduciary duty. Presently before the Court is Defendants' motion for attorneys' fees following their successful motion to enforce the parties' settlement agreement. For the reasons set forth below, the motion is granted and Defendants are awarded $17,296.88 in attorneys' fees.

## I.

On September 15, 2017, the Court granted Defendants' motion to enforce the settlement agreement that was recited on the record at a settlement conference held on March 20, 2017. *See generally Bluelink Mktg. LLC v. Carney*, No. 16-CV-7151 (JLC), 2017 WL 4083602 (S.D.N.Y. Sept. 15, 2017). The settlement agreement states, in relevant part: "[T]he parties will work cooperatively and in good faith to

1

draft a written settlement agreement within the next 60 days.  If a motion to enforce is brought concerning that agreement, whichever party brings that motion and prevails will be entitled to its reasonable attorneys' fees in bringing that motion."  *Id.* at *9.  The Court accordingly ordered Defendants to submit their fees motion with contemporaneous billing records by September 25, 2017, which they did.  Defendants' Motion for Attorneys' Fees (Dkt. No. 54).

Plaintiffs opposed the fees motion on October 4, 2017.  Plaintiffs' Memorandum of Law ("Pl. Br.") (Dkt. No. 59).  Plaintiffs argue that Defendants are not entitled to attorneys' fees because Plaintiffs did not breach the settlement agreement, and Defendants should have continued good faith negotiations instead of filing their enforcement motion.  *See generally* Pl. Br.  But those arguments are irrelevant to the present application.  As is clear from the above-cited language, a breach of the agreement was not a condition precedent to either an enforcement motion or attorneys' fees liability.  Moreover, while Plaintiffs may not have breached the agreement, they nonetheless precipitated the enforcement motion by trying "to add terms to an already complete agreement."  *Bluelink Mktg. LLC*, 2017 WL 4083602, at *7.  Plaintiffs' further argument that, "[b]y failing to either negotiate further regarding the non-material term of the Excise Tax . . . , the Defendants did not proceed in good faith," and thus breached the implied covenant of good faith and fair dealing, fares no better. Pl. Br. at 9.  The agreement's plain terms permitted either party to file an enforcement motion, and "if Plaintiffs believe that Defendants have repudiated the indemnification clause or any other portion of

2

the settlement agreement," including the implied covenant of good faith and fair dealing, "their remedy is to bring a breach of contract action." *Bluelink Mktg. LLC*, 2017 WL 4083602, at *7. Accordingly, the Court will turn to the standards that govern fee applications.

## II.

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Golden Dev. & Constr. Corp.*, No. 17-CV-1051 (VSB) (JLC), 2017 WL 2876644, at *5 (S.D.N.Y. July 6, 2017) (quoting *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13-CV-2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014)). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Id.* (citing *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "The reasonableness of hourly rates are guided by the market rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id.* (alteration omitted) (quoting *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Installations of Am., Inc.*, No. 15-CV-8316 (PAE), 2017 WL 384694, at *5 (S.D.N.Y. Jan. 27, 2017)). "As evidence that the number of attorney hours are reasonable, 'the fee application must be supported by contemporaneous time records that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *Id.* (quoting *1199/SEIU United*, 2014 WL 840965, at *10).

3

"[I]f a court finds that claimed hours are 'excessive, redundant, or otherwise unnecessary,' it should exclude those hours from its calculation of the presumptively reasonable fee." *Guaman v. J & C Top Fashion, Inc.*, No. 14-CV-8143 (GBD) (GWG), 2016 WL 791230, at *8 (S.D.N.Y. Feb. 22, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)), *adopted by*, 2017 WL 111737 (S.D.N.Y. Jan. 11, 2017); *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-CV-1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

### A.

Defendants seek reimbursement for the work of two attorneys, Rania Sedhom and Ginger Mimier. Declaration of Rania Sedhom ("Sedhom Dec.") ¶¶ 3-4 (Dkt. No. 56). Sedhom is the "Managing Partner of Sedhom Law Group PLLC . . . with twenty (20) years' experience . . . represent[ing] a variety of clients in civil litigation, including ERISA matters." Sedhom Dec. ¶ 2. Sedhom's "standard hourly rate is $600 per hour." *Id.* "Mimier is [a] Senior Associate at Sedhom Law Group," who "graduated from law school in 2003." Sedhom Dec. ¶ 3. Mimier's "practice focuses on complex civil litigation" and "[h]er standard hourly rate is $375." *Id.* Sedhom adds that the firm customarily charges these rates to paying clients. Defendants' Memorandum of Law ("Def. Br.") at 3 (Dkt. No. 55).[1]

The Court finds that, while Mimier's rate is reasonable, Sedhom's rate is somewhat high considering the lack of background information submitted on this

---

[1] Plaintiffs do not object to these hourly rates, or to the amount of hours billed by Defendants' counsel.

4

motion, and recent awards in the Southern District to attorneys with comparable experience.[2] Certainly, as Sedhom argues, several courts in this District have concluded that $600 per hour was a reasonable rate for law firm partners under certain circumstances. Def. Br. at 4. But Sedhom submitted no evidence that she has been awarded $600 per hour in the past, nor any information about the size of Sedhom Law Group, PLLC,[3] which appears from its website to be a small law firm.[4] Moreover, this was a straightforward dispute that did not require any extensive briefing before the Court and involved no novel legal issues. *See, e.g., Lilly*, 2017 WL 3493249, at *5 (finding that short and relatively straightforward nature of case justified reduction of claimed $600 hourly rate). The Court accordingly concludes that Sedhom's hourly rate should be reduced to $500. This reduction brings

---

[2] *See, e.g., Mendoza v. CGY & J Corp.*, No. 15-CV-9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) (awarding $400 per hour to attorney with more than 25 years' experience, and $350 to attorney with 12 years' experience); *DeCastro v. The City of New York*, No. 16-CV-3850 (RA), 2017 WL 4386372, at *3-4 (S.D.N.Y. Sept. 30, 2017) (awarding $425 to attorney with more than 25 years' experience); *Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936 (VSB), 2017 WL 4402544, at *3 (S.D.N.Y. Sept. 30, 2017) (awarding $570 per hour to attorney with more than 25 years' experience); *Lilly v. City of New York*, No. 16-CV-322 (ER), 2017 WL 3493249, at *1, *5 (S.D.N.Y. Aug. 15, 2017) (awarding $450 per hour to attorney with 16 years' experience); *Changxing Li v. Kai Xiang Dong*, No. 15-CV-7554 (GBD) (AJP), 2017 WL 892611, at *17-19 (S.D.N.Y. Mar. 7, 2017) (awarding $350 per hour to attorney with 13 years' experience), *adopted by*, 2017 WL 1194733 (S.D.N.Y. Mar. 31, 2017); *Blake v. New York City Health & Hosps. Corp.*, No. 14-CV-3340 (JGK) (AJP), 2016 WL 6520067, at *5 (S.D.N.Y. Nov. 3, 2016) (awarding $425 per hour to attorney with 23 years' experience).

[3] "It is appropriate to consider the size of the firm both because smaller firms 'do[ ] not incur the same overhead costs that burden a large law firm,' and because large New York City law firms are generally able to command higher fees." *Kadden v. VisuaLex, LLC*, No. 11-CV-4892 (SAS), 2012 WL 6097656, at *2 n.23 (S.D.N.Y. Dec. 6, 2012) (citation omitted); *see also, e.g., Calvo v. City of New York*, No. 14-CV-7246 (VEC), 2017 WL 4119280, at *4 n.3 (S.D.N.Y. Sept. 15, 2017).

[4] *See* http://www.bespokelawfirm.com/. "[T]he Court generally has the discretion to take judicial notice of internet material." *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11-CV-8921 (DAB), 2013 WL 6670584, at *9 (S.D.N.Y. Mar. 29, 2013); *see also, e.g., Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 431 (S.D.N.Y. 2016) ("This Court also takes judicial notice of the contents of [defendant's] website."), *aff'd*, 692 F. App'x 51 (2d Cir. 2017).

Defendants' total fee request to $16,031.25, excluding costs and the fees incurred on this motion.

Finally, as to the fees incurred on this motion, the Court notes that these fees are not included in counsel's contemporaneous billing records. The Court stated in its last order that "contemporaneous billing records . . . 'are a prerequisite for attorney's fees in this Circuit.'" *Bluelink Mktg. LLC*, 2017 WL 4083602, at *9 (quoting *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir. 1983)). Such records must indicate, for each attorney, the date on which the work was done, the number of hours expended and the specific task performed. *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). This is "a strict rule from which attorneys may deviate only in the rarest of cases." *Id.*

Nevertheless, the Court will award Defendants their fees for the present application, as Defendants kept diligent contemporaneous records for the remainder of their time, and Sedhom submitted a sworn declaration describing in sufficient detail the work that she and co-counsel performed on this motion. *See, e.g.*, *Infinity Headwear & Apparel v. Jay Franco & Sons*, No. 15-CV-1259 (JPO) (RLE), 2017 WL 4402541, at *13 (S.D.N.Y. Oct. 2, 2017) ("[I]t is settled that the time spent on a fee application is itself compensable.") (quoting *Reiter v. Metro. Transp. Auth. of State of New York*, No. 01-CV-2762 (GWG), 2007 WL 2775144, at *18 (S.D.N.Y. Sept. 25, 2007)). Sedhom's declaration states that "Sedhom Law Group spent 8 hours of legal time researching, drafting and editing the instant Memorandum of Law and Declaration, 1.5 hours by Ms. Sedhom and 6.5 hours by Ms. Mimier, resulting in

6

fees of $3471.00." Sedhom Dec. ¶ 7. Sedhom's declaration details the number of hours expended by each attorney and the specific tasks performed. Although Sedhom provides no dates, the work clearly was performed in the ten days between the Court's order granting Defendants' enforcement motion and the filing of the instant motion. Dkt. Nos. 53-54. The Court accordingly awards Defendants' counsel the time spent on the present fees motion (excluding the four percent administrative fee counsel included), which the Court finds reasonable, bringing Defendants' total fee award to $19,218.75 ($16,031.25 + $3,187.50).

**B.**

To determine the reasonableness of the number of hours billed by counsel, "the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Excellent Home Care Services, LLC v. FGA, Inc.*, No. 13-CV-5390 (ILG) (CLP), 2017 WL 4838306, at *4 (E.D.N.Y. Oct. 24, 2017) (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)). In doing so, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Some of counsel's billing entries are excessive. Counsel spent at least 13 hours researching and drafting the first version of the motion to enforce filed on May 22, 2017, which, excluding the case caption and table of contents, is only five pages long and involves no complex legal issues. *See* Dkt. No. 32; Defendants' Billing Records ("Def. Billing Records") May 15-May 22, 2017 entries (Sedhom Dec.

Exs. 1-2). Counsel then spent nearly two hours drafting a three-sentence letter to Judge Torres. Dkt. No. 40; Def. Billing Records: June 2, 2017 entries. The Court further observes that "[b]illing in quarter-hour segments, like block billing, generally is disfavored" as it tends to overstate the amount of time spent on a given task. *Blake*, 2016 WL 6520067, at *6. However, Plaintiffs do not object to the number of hours Defendants' counsel billed, and aside from a few excessive billing entries there is minimal evidence of overbilling. As such, a ten percent across-the-board reduction is appropriate here, bringing Defendants' total fee request to $17,296.88 ($19,218.75 - $1,921.87).

**C.**

"Fee awards normally include those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. B&L Moving & Installation, Inc.*, No. 16-CV-4734 (GBD) (JLC), 2017 WL 4277175, at *8 (S.D.N.Y. Sept. 26, 2017) (quotations omitted). "As with attorneys' fees, the requesting party must substantiate the request for costs." *Guo v. Tommy's Sushi, Inc.*, No. 14-CV-3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016); *see also*, *e.g.*, *Euceda v. Preesha Operating Corp.*, No. 14-CV-3143 (ADS) (SIL), 2017 WL 3084490, at *4 (E.D.N.Y. June 30, 2017) ("In the absence of adequate substantiation, a party is not entitled to recover costs. . . . Plaintiff has failed to provide any substantiation, such as invoices or receipts, documenting the costs he now seeks to recover."), *adopted by*, 2017 WL 3084408 (E.D.N.Y. July 18, 2017);

8

*Sevilla v. Nekasa Inc.*, No. 16-CV-2368 (AJP), 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) ("This Court repeatedly has refused to award costs absent supporting documentation.").

Here, "[r]ather than charge clients for every page used for printing and copying, logging the number of scanned documents per client, costs of travel, time for travel, etc., [Sedhom's] firm, instead, charges a flat administrative fee to help defray the costs it expends on behalf of its clients." Sedhom Dec. ¶ 4. The administrative fee "covers firm expenses such as toner, copy paper, postage stamps, and other supplies customarily used by firms in the practice of law." *Id.* According to Defendants' billing records, the administrative fee totals four percent of the attorneys' fees charged to the client each month.

Charging a blanket "administrative fee" arbitrarily linked to a percentage of the attorneys' fees billed in a given month does not adequately substantiate counsel's costs. The four percent fee appears to be imposed whether or not counsel incurred any identifiable out-of-pocket expenses. As such, the Court cannot determine whether the fee is tied to any actual expenses, as opposed to representing a percentage of counsel's "non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." *Escobar v. Del Monaco Bros. Indus. Inc.*, No. 14-CV-3091 (ADS) (SIL), 2017 WL 3588823, at *4 (E.D.N.Y. Aug. 3, 2017) (quoting *Kuzma v. I.R.S.*, 821 F.2d 930, 933-34 (2d Cir. 1987)), *adopted by*, 2017 WL 3588638 (E.D.N.Y. Aug. 18, 2017); *see also, e.g., Rai v. WB Imico Lexington Fee, LLC*, No. 09-CV-9586 (PGG), 2017 WL 1215004, at *14

(S.D.N.Y. Mar. 31, 2017) ("Recovery is not permitted for costs associated with routine office overhead."); *Pope v. Cty. of Albany*, No. 11-CV-0736 (LEK) (CFH), 2015 WL 5510944, at *16 (N.D.N.Y. Sept. 16, 2015) ("Recoverable costs include [i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs, but not routine office overhead, which must normally be absorbed within the attorney's hourly rate.") (quotations omitted)). Accordingly, Defendants' request for costs is denied.

## III.

For the reasons set forth above, Defendants' motion is granted, and Defendants are awarded $17,296.88 in attorneys' fees. The Clerk is directed to terminate Docket No. 54.

**SO ORDERED.**

Dated: November 20, 2017
     New York, New York

_____
JAMES L. COTT
United States Magistrate Judge